**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4186**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

DARION D. PERDUE, a/k/a Son Son,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:17-cr-00116-RAJ-RJK-5)

Submitted: September 28, 2018                    Decided: October 12, 2018

Before GREGORY, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Nicholas David Renninger, KOZAK, DAVIS, RENNINGER & BELOTE, PC, Portsmouth, Virginia, for Appellant. William Buchanan Jackson, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darion D. Perdue pleaded guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute, and possess with intent to distribute, manufacture, and distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). He received a 228-month sentence. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning whether Perdue knowingly and voluntarily waived his right to appeal, the district court erred in denying Perdue's motion to withdraw his guilty plea, and Perdue's sentence is reasonable. In his pro se supplemental brief, Perdue contends that counsel's erroneous advice below rendered his plea not knowing and involuntary. The Government has moved to dismiss, invoking the appellate waiver contained in Perdue's plea agreement. We grant the Government's motion in part, dismiss the appeal in part, and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). An appellate waiver must be knowing and voluntary. *Id.* We generally evaluate the validity of a waiver by reference to the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Perdue knowingly and voluntarily pleaded guilty and waived his right to

2

appeal his conviction and sentence, and that Perdue's challenge to the reasonableness of his below-Guidelines sentence and the denial of his motion to withdraw his guilty plea fall squarely within the compass of his waiver of appellate rights. *See United States v. McCoy*, 895 F.3d 358, 363 (4th Cir. 2018) (noting that waiver does not bar appeal on limited grounds, not applicable here, such as claim that sentence is in excess of the statutorily authorized maximum); *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (dismissing as barred by appellate waiver challenge to denial of motion to withdraw guilty plea that did not raise colorable claim of constitutional error).

Although Perdue's ineffective assistance of counsel claim falls outside the scope of his appellate waiver, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *Id.* at 508. Because the record here does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no unwaived meritorious issues for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal in part, and affirm the judgment of the district court in part. This court requires that counsel inform Perdue, in writing, of the right to petition the Supreme Court of the United States for further review. If Perdue requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

3

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Perdue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4